Dear Ms. Langley:
I am in receipt of your request for an Attorney General's opinion concerning state funds for nonpublic transportation to be distributed to the Pointe Coupee Parish School Board. You state that the recent supplementary Education Assistance Appropriation from Act 17 of the 1996 Regular Session of the Legislature includes $150,371 for nonpublic transportation to be distributed by the Pointe Coupee Parish School Board. You also state that it is your understanding that the Pointe Coupee Parish School Board does not want to take on the responsibility for any additional costs needed to provide the transportation services. Instead, the school district would like to distribute the funds directly to the one nonpublic school involved. You request an opinion concerning this matter in light of Helms v. Cody,856 F. Supp. 1102, (E.D.La. 1994)
LSA-R.S. 17:158A(1) states the following in pertinent part concerning providing school buses for transportation of students.
 A. (1) Except as provided by Subsection H of this Section and in accordance with the requirements of Subsection F of this Section, each parish and city school board shall provide free transportation for any student attending a school of suitable grade approved by the State Board of Elementary and Secondary Education within the jurisdictional boundaries of the parish or school board if the student resides more than one mile from such school.
In Helms v. Cody, Supra, the United States District Court found that the distribution of State transportation funds directly to nonpublic schools by the Jefferson Parish School Board was an unconstitutional direct subsidy to nonpublic schools. In this case, some of the nonpublic schools controlled the expenditure of such funds. The Court also found that the School Board did not require an audit or other verification to ensure that the funds were spent only for transportation and not for religious purposes. Applying the holding of Wolman v.Walter, 433 U.S. 229, 253, 97 S.Ct. 2593, 2608, 53 L.Ed. 714
(1977), the Court found that a nonpublic school is to have no control over the expenditure of such funds and that the transportation contracts between the nonpublic schools and the Jefferson Parish School Board violated the Establishment Clause.
The Court found no constitutional violation when the School Board contracted with an independent corporation for the sole purpose of providing transportation to some students attending a nonpublic school. As discussed in the opinion, LSA-R.S. 17:158
(A)(4) specifically allows a parish school board to enter into contracts for school bus transportation. The Helms case is currently on appeal at the U.S. Fifth Circuit Court of Appeal.
In Attorney General Opinion No. 92-615 and 92-615(A), our office opined that there is a mandatory duty on the part of city and parish school boards to provide transportation for public and nonpublic school students. This duty can be discharged only if the School Board can show that there is an economically justifiable reason why the School Board cannot provide the funding necessary for this transportation. The requirements as set forth in LSA-R.S. 17:158H must be complied with and approved by the Department of Education.
Additionally, the requestor asked whether the East Baton Rouge Parish School Board could discharge its duties under LSA-R.S.17:158 by giving the state funds they receive directly to a non-public school even though the amount of funds given would not fully cover the cost of providing transportation. Our office stated that parish and city school boards must fulfill their statutory duty under LSA-R.S. 17:158 and are therefore required to utilize locally generated funds if necessary in order to fully cover this cost. We also stated that a school board may not discharge its responsibility by giving funds which are not adequate to cover the full cost of transporting students to a school, whether public or non-public.
I hope this opinion sufficiently addresses your concerns. If I can be of further assistance, please let me know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ BETH CONRAD LANGSTON ASSISTANT ATTORNEY GENERAL
RPI/BCL/sc
Date Received BR: September 12, 1996 Date Received SH: March 7, 1997 Date Released:
BETH CONRAD LANGSTONASSISTANT ATTORNEY GENERAL
State of Louisiana
DEPARTMENT OF JUSTICE
234 LOYOLA — 7th FLOOR
 New Orleans TEL: (504) 568-5575 70112-2096 FAX: (504) 569-5993
RICHARD P. IEYOUB ATTORNEY GENERAL